J-A16002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AARON B. KEMNITZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHELLE A. KEMNITZ | : | No. 1342 MDA 2022 |

Appeal from the Order Entered August 25, 2022
In the Court of Common Pleas of Clinton County
Civil Division at No(s):  2019-00142

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.:              **NOVEMBER 13, 2023**

Aaron Kemnitz ("Husband") appeals from the Order of August 25, 2022, dividing the marital estate following this Court's decision vacating the prior equitable distribution. He now claims the trial court erred and abused its discretion by devising a distribution scheme that unfairly awards Michelle Kemnitz ("Wife") an inequitable portion of the marital estate. We affirm in part, vacate in part, and remand for further proceedings consistent with this memorandum.

Husband and Wife separated on October 31, 2017, after 12 years of marriage. *See* N.T. 9/22/20 at 13. Husband initiated the instant divorce proceeding on January 29, 2019. An evidentiary hearing was held where divorce was agreed upon and the marital estate was discussed. The trial court entered a divorce decree on October 7, 2020, and an order dividing the marital estate on November 2, 2020. Husband appealed the equitable distribution

order and raised multiple claims regarding the disparity in the distribution. On appeal, this Court found that the trial court abused its discretion in finding Wife unable to sustain employment and lacking vocational skills. *See Kemnitz v. Kemnitz*, 1568 MDA 2020 (Pa. Super. filed April 8, 2022) (unpublished memorandum). This Court found that the distribution scheme as a whole disproportionately favored Wife and was inequitable to Husband and vacated the Order for the trial court to enter a fair distribution Order without the reliance on Wife's inability to work. *See id*.

On remand, the trial court issued a new Opinion and Order. *See* Opinion and Order, 8/25/22. In its opinion, the trial court found that Wife had an earning capacity of one hundred fifty dollars per week, working ten hours per week at fifteen dollars per hour. *See* Opinion, 8/25/22 at 3. The trial court entered an equitable distribution Order identical to its prior order but for one change: instead of awarding Wife a 70% share of the value of each of Husband's two pension accounts, it changed the award to 50% of the value of the accounts as of June 2020. *See* Order, 8/25/22 at 5.

Husband appealed, raising the following five claims:

1. The trial Court's continued award of $789.97 monthly for an indefinite period is too high and is the result of bias, arbitrariness, or abuse of discretion.

2. The trial Court's award of $789.97 monthly alimony for an indefinite period is also an error of law, abuse of discretion, or result of bias or arbitrariness because it continues to include an impermissible mortgage assistance component.

3. The trial Court erred as a matter of law or committed abuse of discretion in renewing its award of all of Wife's attorneys fee claim, even though it included all the time on custody and support proceedings.

4. The trial Court erred as a matter of law or committed abuse of discretion in using Husband's 2020 (post-separation) pension value, with no coverture applied, especially where this included post-separation labor and cash distribution by Husband.

5. The trial Court's total scheme, which went beyond dividing the modest but positive net estate between the parties and instead assigned to Husband more debt than assets despite there being a positive net estate, and which insufficiently responded to the remand opinion's instructions, was an error of law or abuse of discretion, or was the result of bias or arbitrariness.

Appellant's Brief at 8, 9, 11, 13, 15.

Husband's claims on appeal all arise from the trial court's equitable distribution order. Our standard of review for a challenge to an equitable distribution order is whether the trial court abused its discretion by either misapplying the law or failing to follow proper legal procedure. *See Brubaker v. Brubaker*, 201 A.3d 180, 184 (Pa. Super. 2018). We do not find such an abuse of discretion easily, rather we require a showing of clear and convincing evidence that the abuse occurred. *See id*. We will only find an abuse of discretion when the trial court has overridden or misapplied the law or exercised judgment that was manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as evidenced by the certified record. *See id*. When deciding whether to uphold an equitable distribution order we must consider the distribution as an entire scheme in the context of the parties' situations, with the goal of achieving economic justice and a fair distribution

of property. *See id*. We will not reverse the trial court's credibility and weight determinations if they are supported by the evidence. *See id*.

Importantly, an error on a single factor is not necessarily sufficient to overturn the trial court's decision. *See Conner v. Conner*, 217 A.3d 301, 309 (Pa. Super. 2019). Instead, we must "look at the distribution as a whole in light of the court's overall application of the 23 Pa.C.S.A. § 3502(a) factors for consideration in awarding equitable distribution." *Id*.

Husband's first argument on appeal claims that the trial court abused its discretion by not reducing, shortening, or eliminating the alimony award following this Court's remand. *See* Appellant's Brief at 8. The trial court ordered Husband to pay $789.97 to Wife in alimony per month. See Order, 8/25/2022 at 6. The Divorce Code provides that when a court finds alimony to be necessary, it may award it as it deems reasonable, and for whatever duration, definite or indefinite, that it finds reasonable, after considering all relevant factors enumerated by the statute. *See* 23 Pa.C.S.A. § 3701(a)-(c).

Despite Husband's assertions, this Court's prior decision did not include an explicit requirement that the alimony award be reduced. An award of alimony must be based upon the recipient's reasonable lifestyle needs established during marriage and the ability of the other spouse to pay. *See Brubaker*, 201 A.3d at 190. We will only reverse an award of alimony where the trial court has abused its discretion or if the record lacks evidence to support the award. *See id*.

Here, the trial court has incorporated its original assessment of the alimony factors into its new Opinion and Order. *See* Opinion, 10/4/22. While many of those factors contained the assertion that Wife could not work, the trial court's new determination of Wife's ability to work replaces those specific considerations. The trial court laid out detailed findings regarding Husband's and Wife's incomes, debts and needs, including Wife's health issues as well as their current and potential employment opportunities. Further, the trial court found that while Wife has some ability to generate income, that ability is severely limited by her illness. Viewing the alimony award in the context of Wife's reduced share of Husband's pension, we cannot conclude the alimony award constitutes an abuse of discretion.

Husband's next argument is that the alimony award contains an impermissible mortgage assistance component. *See* Appellant's Brief at 9. Husband argues that the trial court came to the $789.97 monthly alimony award by adopting a pre-divorce proceeding in which Husband was ordered to pay Wife $692.40 per month in spousal support and $97.57 per month in mortgage assistance. *See id*. at 9-10. Husband correctly states that after distribution in divorce, there is no provision for mortgage assistance as distinct from the award of alimony. *See* Pa.R.Civ.P. 1910.16-6(e)(3). While Husband is correct that subsection (e) no longer applies after the economic claims of a divorce have been resolved, he is incorrect in implying that subsection (e)(3) prohibited the trial court from considering Wife's ability to pay for her current residence when assessing Wife's needs post-divorce. Since we have found no

abuse of discretion in the trial court's determination of alimony, we find no merit to this claim.

Husband next asserts that the trial court erred in granting Wife's claim for attorney's fees because the claim was not limited to the divorce proceedings but included work on custody and support proceedings. **See** Appellant's Brief at 11. Husband argues that an award of attorney's fees is only proper to assist with a divorce action and only when there is an ability to pay. **See id**. at 12.

The Divorce Code allows for an award of reasonable counsel fees. **See** 23 Pa.C.S.A. § 3702(a). We review an award of counsel fees for an abuse of discretion. **See Brubaker**, 201 A.3d at 191. Counsel fees are to be awarded based on need and after considering all the factors of the case including the property distributed and both party's financial needs. **See id**. Husband and Wife both cite **Llaurado v. Garcia-Zapata**, a case where this Court held that an award of counsel fees was not an abuse of discretion, even though the fees included work on custody, support, and divorce proceedings. **See** 223 A.3d 247, 260 (Pa. Super. 2019).

Husband first claims that the "support law and rules do not allow for an award of attorneys fees." Appellant's Brief, at 12. He is clearly incorrect in this assertion. **See** 23 Pa.C.S.A. § 3702. Next, Husband distinguishes **Llaurado** by asserting that the **Llaurado** Court only affirmed the award because it was less than the total fees incurred and most of the fees could be traced to the divorce. **See** Appellant's Brief, at 12. However, Husband mischaracterizes the

reasoning of **Llaurado**. **See** 223 A.3d at 260 ("While Husband claims that the award is defective because it was not based upon legal bills segregated according to the matter to which they related, he has cited no precedent that establishes a requirement that the party requesting counsel fees must submit itemized bills to the court.").

Here, much like in **Llaurado**, Husband fails to cite to any authority requiring itemization of the bills submitted by Wife. And our review of the record reflects that a majority of the nearly 40 hours logged by counsel were specifically in reference to the divorce and equitable distribution. **See** Exhibit HH. Further, the trial court found that Husband's income and earning capacity was greater than Wife's and Wife needed the award of counsel fees. **See** Opinion, 11/2/20 at 12, 15-16. The trial court's findings are supported by competent evidence, and we discern no abuse of discretion in the trial court's interpretation of the record.

Husband's fourth issue on appeal is that the trial court erred in valuing his pensions as of 2020 and not applying a coverture fraction to determine the distribution. **See** Appellant's Brief at 13. Husband has two retirement accounts, the Jersey Shore School District ("JSSD") 403(b) plan and a PSERS retirement account. **See** Order, 8/25/22 at 5-6. The trial court ordered Wife to receive 50% of the value of each of these accounts as of June 2020 to be transferred within one hundred eighty days of the order. **See id**.

We begin our analysis by noting that, generally speaking, there are two distinct categories of retirement plans. In defined benefit plans, the benefit to

the retiree is a fixed amount calculated by a formula defined the by the plan. *See Smith v. Smith*, 938 A.2d 246, 253 n.11 (Pa. 2007). Husband's PSERS plan is a defined benefit plan. In contrast, a defined contribution plan does not guarantee a certain benefit to the retiree; instead, the benefit is dependent on successful investment of the employee's contributions. *See id.* Husband's JSSD account is a 403(b), or tax-deferred annuity, account. *See* N.T., 12/9/2020, at 70. As such, it is a defined contribution account.

With this in mind, we note that Husband's arguments are meritless as applied to the JSSD account. Husband testified that he initiated the account during the marriage and made no contributions to it after the parties separated. *See id.*; *see also* Appellant's Brief at 15 (stating that Husband began the account in "about 2013"). As a defined contribution account that was acquired and funded during the marriage, the JSSD account was wholly marital property, and therefore not subject to the calculations under 23 Pa.C.S.A. § 3501(c).

In contrast, Husband's challenge to the trial court's splitting of his PSERS pension has merit. As a defined benefit retirement plan, Husband's PSERS pension is subject to analysis under section 3501(c). Under section 3501(c), the trial court was required to allocate such accounts between marital and nonmarital portions by using a coverture fraction. *See id*. The fraction is the number of months during which the account was active and the parties were married and not separated over the total number of months the account was active up until a date as close to trial as possible. *See id*. Our Supreme

- 8 -

Court has held that courts must use the coverture fraction to determine what portion of a pension account is marital property and therefore subject to equitable distribution. *See Smith*, 938 A.2d at 258-59 (Pa. 2007).

Husband testified that he opened his PSERS account in July 2010, when he started teaching. *See* N.T. 9/22/20 at 70, 81. This comports with the trial court's finding that Husband first gained employment as a teacher in 2010. *See* Trial Court Opinion and Order, 11/2/2020, at 5. The trial court previously ruled that the date of separation was October 31, 2017. *See* Order, 3/25/20. The date of trial was September 22, 2020.

The record therefore reflects that the PSERS account would be subject to a coverture fraction of approximately 88 months over approximately 123 months. The trial court's opinion and order do not show that a coverture fraction was applied, and instead merely recites the values of the accounts and the share awarded to Wife. *See* Opinion, 11/2/20, at 8. As our legislature has made it clear that courts must apply the coverture fraction in these instances, we are constrained to vacate the award in regard to the PSERS pension and remand for the trial court to explicitly include the coverture fraction in its calculation. To be abundantly clear, the trial court is still empowered to award Wife an amount that promotes economic justice between the parties. However, it may only award an amount that is explicitly a share of the marital fraction.

Husband's final complaint is that the equitable distribution scheme as a whole unfairly divided the estate by assigning more debt than assets to

Husband despite the net estate being positive. **See** Appellant's Brief at 15. Although we have vacated the trial court's split of Husband's PSERS pension, therefore rendering this argument hypothetical, we are cognizant that this case already has a significant appellate history. After reviewing Husband's arguments on this issue, and reviewing the totality of the trial court's distribution scheme, we can find no abuse of the court's discretion. As is the case with most divorces, neither party will be likely to maintain their prior lifestyle now that the same income is used to support two separate households. The trial court's scheme is a reasonable attempt to achieve economic justice between the parties and we therefore find no merit in Husband's final argument on appeal.

Order regarding PSERS pension award at paragraph 5 is vacated and remanded for proceedings consistent with this memorandum. Order affirmed in all other aspects. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/13/2023